JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-508 PA (KSx) | Date | January 24, 2017 |
|---|---|---|---|
| Title | Corrie Bowman v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, National Association ("Wells Fargo"). In its Notice of Removal, Wells Fargo asserts that this Court has jurisdiction over the action brought against it by plaintiff Corrie Bowman ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Wells Fargo must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-508 PA (KSx) | Date | January 24, 2017 |
|---|---|---|---|
| Title | Corrie Bowman v. Wells Fargo Bank, N.A., et al. | | |

In support of its allegations that the Court possesses diversity jurisdiction, the Notice of Removal alleges:

> Plaintiff alleges, and Wells Fargo is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Wells Fargo is informed and believes, and on that basis alleges, that Plaintiff was domiciled in California while he worked for Wells Fargo in California. Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

(Notice of Removal ¶ 6.) The Notice of Removal additional cites the second paragraph of the Complaint in support of its allegations concerning Plaintiff's citizenship. (Id. at n.1.) The Complaint alleges that Plaintiff "was and is a resident of the County of Orange, State of California." (Compl. ¶ 2.) As the Notice of Removal indicates, the Complaint alleges only Plaintiff's residence. Because the only support for Wells Fargo's allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations, made on information and belief, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Wells Fargo's allegations are insufficient to invoke this Court's diversity jurisdiction.

For all of the foregoing reasons, Wells Fargo has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC644218. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.